UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICKEY PAULINO, on behalf of
himself and others similarly situated,

    Plaintiff,

vs.                                  CASE NO.: 6:14-cv-921-ORL-36-DAB

MARRIOTT INTERNATIONAL, INC.,
a Foreign For Profit Corporation,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, MICKEY PAULINO, on behalf of himself and those similarly situated ("Plaintiff"), is an employee of Defendant, MARRIOTT INTERNATIONAL, INC., a foreign for profit corporation ("Defendant"), and brings this action for failing to pay correct overtime wages to all servers/waitpersons (hereinafter "servers") who worked at the Defendant's property in Orange County, Florida pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA").

I.    NATURE OF SUIT

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of

the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1. This action is brought under the FLSA to recover from Defendant unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

II. PARTIES

2. Plaintiff is an hourly paid service worker ("server/waitperson") who worked for Defendant within the last three (3) years and performed related activities for Defendant in Orange County, Florida.

3. Defendant, MARRIOTT INTERNATIONAL, INC., is a foreign for profit corporation operating in Orange County, Florida, among others, therefore venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

4. Defendant is an international corporation offering lodging, banquet, food and beverage services, and many others to its customers.

5. This action is intended to include each and every hourly paid server/waitperson who worked for Defendant in Orange County, Florida at any time within the last three (3) years.

III.   JURISDICTION

6.   This action is brought under the FLSA to recover from Defendant unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

7.   The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

8.   This Court has jurisdiction and venue over this complaint as each of Defendant's violations of the FLSA complained of took place in Orange County, Florida.

IV.   COVERAGE

9.   At all material times during the last three years(2010-2014), Defendant, MARRIOTT INTERNATIONAL, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

10.   At all material times during the last three years (2010-2014), Defendant, MARRIOTT INTERNATIONAL, INC., was an employer as defined by 29 U.S.C. § 203(d).

11.   At all material times during the last three years (2010-2014), Defendant, MARRIOTT INTERNATIONAL, INC., has had an annual gross volume of sales made or business done of not less than five hundred thousand and 0/100 dollars ($500,000.00), exclusive of excise taxes at the retail level which are separately stated.

12.   At all material times relevant to this action (2010-2014), the Defendant, MARRIOTT INTERNATIONAL, INC., has had two or more employees engaged in

interstate commerce, producing goods for commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce.

13. Specifically, at all material times relevant to this action (2010-2014), Defendant, MARRIOTT INTERNATIONAL, INC., has had two or more employees who routinely ordered materials or supplies such as office supplies and equipment, food service products, food and beverages, cleaning supplies, and food preparation products from out of state vendors.

14. At all material times relevant to this action (2010-2014), Defendant, MARRIOTT INTERNATIONAL, INC., has had two or more employees who used the telephone and/or computers and related services provided by out of state providers to place and accept business calls with out of state vendors on a daily basis in the normal course of its business.

15. Additionally, Plaintiff was an employee of MARRIOTT INTERNATIONAL, INC., and was at all times relevant to this action (2010-2014) individually engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1) as he was required to communicate with out of state customers and accept payment from customers using credit cards issued by out of state financial institutions on a daily basis as a regular part of his job duties.

16. Upon information and belief, the records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff, and those similarly situated, are in the possession, custody and control of Defendant.

## V.   GENERAL FACTUAL ALLEGATIONS

17. Defendant is an international corporation with hotels located all over the world.

18. Defendant is in the business of providing accommodations, dining, banquet, and convention services, among others, to their guests.

19. Defendant employs several service workers in the positions including, but not limited to, server, host and hostess, busser, runner, and bartender.

20. Plaintiff has worked for the Defendant as a server from approximately April of 2011 through February 2013.

21. Plaintiff and other similarly situated employees did a specific job, i.e. serve food and drinks, which is an integral part of the Defendant's restaurant and banquet service operations.

22. Defendant attempted to pay this group of employees a reduced gross hourly wage pursuant to §3(m) of the Act.

23. At all material times during the last three (3) years, Defendant paid Plaintiff and those similarly situated pursuant to the "tip credit" method and were paid the minimum wage minus the tip credit.

24. At all material times during the last three (3) years the tip credit deducted was $3.02 per hour.

25. Plaintiff and other similarly situated employees would receive commission in lieu of tips when working banquets as gratuity was included as a group service charge in the overall banquet cost paid by the customer.

26. Plaintiff's commissions earned while working banquets and other such events for Defendant did not exceed the sum of all of Plaintiff's other earnings in any representative period in violation of the Act.

27. The Defendant's representative period for this purpose was one (1) month.

28. Defendant took illegal tip deductions from Plaintiff and those similarly situated to him in violation of the Act.

29. Also, Defendants have a practice of regularly utilizing tipped employees to perform work not within the scope of a tipped occupation for an excess of twenty percent (20%) of the work week.

30. Defendants regularly required its servers to perform such non-tipped duties as cleaning the front of the house, "opening" and "closing" duties, trash removal, setting up tables, etc., but continued to pay them tip-credit wages while performing these non-tipped duties.

31. For these reasons, Defendant violated the terms of the tip-credit and the FLSA and Florida Constitution's provisions on minimum wages.

32. Because of these policies, Defendant has violated and continues to violate the tip credit allowed under the FLSA.

33. As a result of these common policies, Plaintiff and each similarly situated server/waitperson is entitled to receive $3.02 for each hour worked.

34. During his employment, Plaintiff and those similarly situated employees worked hours over forty (40) within a work week.

35. However, Defendant failed to accurately calculate the correct overtime rate of pay for those hours worked over forty (40) within a work week causing Plaintiff and those similarly situated to receive less than the mandatory time and one-half rate of pay for those hours worked over forty (40) within a work week.

36. Specifically, any overtime paid to Plaintiff and other similarly situated employee was insufficient due to violations of the tip-credit provisions of the FLSA as detailed above.

37. During his employment Plaintiff complained about the illegal practices described above to management of the Defendant but Defendant took no action to correct the illegal practices.

38. Defendant has employed and is currently employing other individuals such as Plaintiff who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §216(b)
(Unpaid Overtime Wages)

39. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-38 above as though fully stated herein.

40. Plaintiff and those similarly situated employees are entitled to be paid time and one half their regular rate of pay for all hours worked in excess of forty (40) per work week.

41. During his employment with Defendant, Plaintiff and those similarly situated regularly worked overtime hours but were not paid the correct time and one half

compensation for the same.

42. Specifically, Defendant calculated the time and one half rate of pay based on the reduced tip credit hourly rate of pay which Defendant improperly applied to Plaintiff and those similarly situated employees.

43. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff and those similarly situated employees time and one-half their regular rate of pay for each hour worked in excess of forty (40) hours per week in one or more weeks, Plaintiff and those similarly situated have suffered damages.

44. Defendant did not maintain and keep accurate time records regarding the overtime hours worked by Plaintiff or those similarly situated employees as required by the FLSA.

45. Also, Defendant failed to post informational listings as required by law.

46. As a result of Defendant's willful violation of the FLSA, Plaintiff and those similarly situated are entitled to liquidated damages.

WHEREFORE, Plaintiff, MICKEY PAULINO, on behalf of himself and those similarly situated, demands judgment against the Defendant, MARRIOTT INTERNATIONAL, INC., for the payment of all overtime hours worked at one and one-half times their regular hourly rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, or if liquidated damages are not awarded then prejudgment and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court deems just and appropriate.

Dated this 12th day of June, 2014.

                                                  Carlos Leach, Esquire
                                                  FLBN: 0540021
                                                  Morgan & Morgan, P.A.
                                                  20 N. Orange Ave., Ste. 1400
                                                  P.O. Box 4979
                                                  Orlando, FL 32802-4979
                                                  Telephone - (407)420-1414
                                                  Facsimile: (407) 420-5956
                                                  Email: CLeach@forthepeople.com
                                                  Counsel for Plaintiff