# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MICKEY PAULINO,**

    **Plaintiff,**

**v.**                                                     **Case No:   6:14-cv-921-Orl-40DAB**

**MARRIOTT INTERNATIONAL, INC.,**

    **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** Motion for Settlement (Doc. No. 22)
>
> **FILED:** November 4, 2014
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On November 4, 2014, the parties filed a Joint Motion to Approve Settlement Agreement (Doc. 22) and Joint Stipulation for Dismissal with Prejudice (Doc. 23). Judge Byron ordered that under his reading of *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350 (11th Cir. 1982), "the parties were required to submit any proposed agreement to the Court for scrutiny to determine its fairness."  Doc. 24. Thus, he ordered the parties to file the appropriate documents for the Court's review and referred review of the proposed settlement agreement to this Court for the preparation of a Report and Recommendation as to whether such settlement is a "fair and reasonable resolution of a bona fide dispute" over FSLA issues. *Id.* at 1355. The parties were

also ordered to file all documents in support of the attorney's fee of $5,000 including any justification for any reduction in Plaintiff's claim and the calculation of the attorney's fee (i.e., the number of hours expended and the basis for the hourly rate).   Doc. 25.

On December 4, 2014, Plaintiff files a Notice of Filing of Supplemental Pleading in Support of its Motion for Approval.   Doc. 26.   Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982), if a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.   "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context."   *Id.* at 1354.   In adversarial cases:

> The employees are likely to be represented by an attorney who can protect
> their rights under the statute. Thus, when the parties submit a settlement to
> the court for approval, the settlement is more likely to reflect a reasonable
> compromise of disputed issues than a mere waiver of statutory rights
> brought about by an employer's overreaching. If a settlement in an
> employee FLSA suit does reflect a reasonable compromise over issues,
> such as FLSA coverage or computation of back wages, that are actually in
> dispute; we allow the district court to approve the settlement in order to
> promote the policy of encouraging settlement of litigation.

*Id.*

Plaintiff filed the Complaint in this matter on June 16, 2014 seeking unpaid overtime. Doc. 1. Plaintiff was a server who worked for Defendant through its food and beverage department, as well as its banquet service department.   Plaintiff was paid pursuant to the applicable Florida tip

credit hourly rate (minimum wage less $3.02 per hour), as well as additional income in the form of both tips and service charges (also referred to as commissions).

During various pay periods, Plaintiff alleged that he was not paid overtime for all overtime hours worked based on what it appeared to be Defendant's reliance on the retail/service exemption. Plaintiff's position is/was that in many representative periods, more than half his total earnings in a representative period did not consist of commissions. As a result, the retail/service exemption did not apply, and he was entitled to overtime compensation for the same representative periods. As in most cases, the parties disagreed on the length of the "representative period." Plaintiff alleged thirty (30) days. Defendant alleged one full year. If the representative period was one year, Plaintiff would most likely receive no overtime.

The settlement was a fair recovery for Plaintiff. Plaintiff calculated his damages to be $2,356.28 ($4,712.56 including Liquidated Damages). Doc. 21-1. Defendant calculated the maximum damages to be no more than $1,500. Plaintiff agreed to accept a settlement of $4,000 for wages ($2,000 in unpaid wages and $2,000 in liquidated damages) and $5,000 in attorney's fees/costs.

Although Plaintiff's counsel represent that the parties "negotiated attorney's fees and costs separately so that it did not compromise Plaintiff's recovery" in an apparent attempt to comply with the requirements applied by another judge of the Court, *see Bonetti v. Embarq Mgmt. Co*., Case No. 06:07-CV-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009), this case is not binding authority on any other district judge in the Middle District of Florida.

Plaintiff's counsel has also provided an accounting of the fees/costs. Doc. 26-1, Leach Affid. Plaintiff's counsel represents that he has already expended well in excess of $5,000 in fees and costs. Counsel's firm spent a total of 31.4 hours on the litigation of the case. He spent 18.7

hours at a rate of $325 and his paralegal spent 9.7 hours at a rate of $105, for a total of $7,096. Doc. 26-1. Plaintiff's counsel has additionally expended approximately $570 in total costs ($455 in taxable costs). As counsel points out, his time expended to date in this case (18.7 hours), without including any paralegal time, would be under $250 per hour. Plaintiff's counsel has compromised fees/costs in order to resolve the case efficiently. The settlement is fair and reasonable and should be approved.

Settlement in the amount of $4,000 to Plaintiff for unpaid wages, and $5,000 for attorney's fees and costs is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 4, 2015.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy